537 F.Supp. 4 (1981)
UNITED STATES of America, ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,
v.
AN EASEMENT AND RIGHT-OF-WAY OVER FOUR TRACTS OF LAND, etc., Mary Newland Hord, et al., Defendants.
No. CIV-2-80-148.
United States District Court, E. D. Tennessee, Northeastern Division.
July 14, 1981.
*5 Herbert S. Sanger, Jr., James E. Fox, Justin M. Schwamm, Sr., Edwin W. Small, Robert C. Glinski, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.
Tom H. Rogan, Rogersville, Tenn., and G. P. Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendants.

MEMORANDUM OPINION TO COUNSEL
NEESE, District Judge.
The Court was presented with a stipulation of the relator and landowners, to the effect that just compensation to the latter for the taking of the rights herein is $52,500 provided this Court's earlier ruling in United States, ex rel. Tennessee Valley Authority v. An Easement, etc. (Hawthorne), 3 F.Supp. 537 defendants, that the expert-opinion evidence of the witness Dr. Charles Beck therein was irrelevant and inadmissible in evidence, is affirmed on an appeal now pending, but in the event such ruling is reversed on such appeal, the issue of just compensation herein will be submitted to and determined by a jury. Such a procedure does not seem to be authorized.
The relator suggested a similar result emanated in Chrysler Corp. v. United States (1942), 316 U.S. 556, 62 S.Ct. 1146, 86 L.Ed. 1668, but that decision is hardly analogous: Therein, a consent decree was entered in a criminal prosecution of Chrysler for an antitrust violation which, by its terms, was subject to termination if the United States failed to attain certain relief against General Motors in another claim of antitrust violation. There, there was a judgment entered by consent which the Supreme Court ruled could be modified to the extent of enlarging the time within which the United States would be allowed to seek such relief against General Motors.
It was also suggested by the relator that a Court of Appeals had approved a similar procedure in Martinez v. Dixie Carriers, Inc., C.A. 5th (1976), 529 F.(2d) 457. As this Court reads Martinez, that Court of Appeals merely recited that, in the trial court concerned with a personal-injury claim against multiple defendants, 3 of the defendants reached a settlement with the plaintiff and agreed to pay him a certain sum of money in damages pending the trial court's resolution of controverted issues relating to liability, indemnity and contribution, subject to the condition that appropriate adjustments in the judgment would be made if the parties' apportionment of the damages was altered on appeal. Here again, this related to the modification of a judgment.
The relator and landowners herein do not provide that a judgment may be entered and modified on the happening of a future event, as in both Chrysler and Martinez; they would delay under their proposed stipulation *6 any trial and judgment until the issue in another action on appeal is determined. No judgment is proposed either pursuant to Rule 71A(i)(2) or (3), Federal Rules of Civil Procedure, only a delay in trial, if indicated, and a resulting final judgment.
Rule 58, Federal Rules of Civil Procedure, "* * * always has contemplated early entry of judgment and, as amended in 1963, it is `designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided.' * *" 11 Wright & Miller, Federal Practice and Procedure 9: Civil § 2781. The procedure proposed by the parties flies in the face of "* * * the whole thrust of the rule to have judgments entered promptly. * * *" Ibid., at 18, § 2785.
The established practice is that, when one is aggrieved by the ruling of a Court, that person awaits the entry of a final judgment in the action and takes an appeal from that judgment because of the claimed error which has aggrieved such a one. The ruling on appeal in Hawthorne as to the admissibility of the opinion-evidence of the afore-named witness Dr. Beck will not be res judicata herein, even `though the rights of these landowners and those of Hawthorne are closely interwoven; despite the appeal by Hawthorne, the landowners herein must appeal for themselves. See Federated Dept. Stores, Inc. v. Moitie (1981), 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.(2d) 103 (1981).
If both parties herein are satisfied, as their proposed stipulation indicates they are, that $52,500 is just compensation without inclusion of the testimony of Dr. Beck, there appears little rationality in trying that issue; however, this Court cannot sanction the procedure proposed by their stipulation. In lieu of the proposed stipulation, the parties may wish to follow this procedure:
1. The landowners to offer as their witness Dr. Charles Beck with a stipulation that, if called as a witness, Dr. Beck would testify herein for all practical purposes as he testified in Hawthorne.
2. The relator to object to such opinion-evidence of Dr. Beck herein on the same ground upon which it objected to his testimony in Hawthorne.
3. The Court to exclude the testimony of Dr. Beck herein for the same reason the Court excluded the testimony of the same witness in Hawthorne.
4. The Court to direct the landowners to make an offer of proof by Dr. Beck in the form of the deposition of his testimony offered in Hawthorne.
5. The parties to stipulate that, without the offered proof of Dr. Beck, just compensation to the landowners for the rights taken in their land herein is $52,500.
6. The Court, on such undisputed proof, to direct the jury to return a verdict that just compensation therefor is in such amount.
7. The Court to order entry of final judgment for $52,500.
8. The landowners to file and perfect an appeal from such judgment.